UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



FILED
JAN 20 2023

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>RAUL TOMAS MATA,<br><br>                Defendant. | 1:22-CR-10026-CBK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND ORDER ON MOTION TO SUPPRESS |

Defendant filed a motion to suppress statements made by him to law enforcement. The motion came on for hearing before U.S. Magistrate Mark A. Moreno. Magistrate Moreno issued a report and recommendation wherein he recommended the motion to suppress be granted in part to exclude defendant's statements as substantive evidence but denied in part as to the use of such statements for impeachment if the defendant testifies at trial. Defendant filed objections to the recommendation that his statements are admissible against him as impeachment evidence. I have conducted a *de novo* review of the record herein, including the transcript of the suppression hearing.

The Magistrate found that the defendant was in custody during an interview conducted on May 1, 2022, by a B.I.A. special agent, defendant was advised of his right to remain silent pursuant to Miranda v. Arizona, 384 U.S. 430 (1966), and defendant repeatedly invoked his right to remain silent. The Magistrate found that the investigating agent failed to "scrupulously honor" defendant's request to remain silent and continued to question defendant. Such continued questioning violated defendant's right to remain silent recognized in Miranda. The Magistrate determined that all defendant's statements made during the interview should be suppressed and should be inadmissible in the government's case in chief..

Defendant objects to the determination that his statements made in violation of Miranda are nonetheless admissible on cross-examination should he testify at trial during his defense. Defendant's objection is foreclosed by the United States Supreme Court's determination to the contrary.

> Every criminal defendant is privileged to testify in his own defense, or to refuse to do so. But that privilege cannot be construed to include the right to commit perjury. Having voluntarily taken the stand, petitioner was under an obligation to speak truthfully and

> accurately, and the prosecution here did no more than utilize the traditional truth-testing devices of the adversary process. Had inconsistent statements been made by the accused to some third person, it could hardly be contended that the conflict could not be laid before the jury by way of cross-examination and impeachment.
>
> The shield provided by *Miranda* cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances. We hold, therefore, that petitioner's credibility was appropriately impeached by use of his earlier conflicting statements.

Harris v. New York, 401 U.S. 222, 225–26, 91 S. Ct. 643, 645–46, 28 L. Ed. 2d 1 (1971) (internal citations omitted). In Harris, the Supreme Court weighed the policy of deterrence of police illegality by suppression of illegally obtained statements against the strong policy against countenancing perjury and the policy of using cross-examination to test the truth of statements prevailed. New Jersey v. Portash, 440 U.S. 450, 458, 99 S. Ct. 1292, 1297, 59 L. Ed. 2d 501 (1979).

The Supreme Court in New Jersey v. Portash distinguished between the partial suppression of statements taken in violation of Miranda from the total suppression of statements taken in violation of a defendant's Fifth Amendment privilege against compelled incrimination. "[A] defendant's compelled statements, as opposed to statements taken in violation of Miranda, may not be put to any testimonial use whatever against him in a criminal trial." New Jersey v. Portash, 440 U.S. at 459, 99 S. Ct. at 1297. The Magistrate determined that defendant's statements were not coerced and therefore admission of his statements on cross-examination was not prohibited. Defendant objects to the Magistrate's factual finding in that regard.

The Fifth Amendment protects a criminal defendant from being "compelled in any criminal case to be a witness against himself" by the introduction of involuntary statements at trial. Chavez v. Martinez, 538 U.S. 760, 766, 123 S. Ct. 1994, 2000, 155 L. Ed. 2d 984 (2003). In determining whether a statement was obtained in violation of the Fifth Amendment, the court must consider whether, judging by the totality of the circumstances, the statement was extracted by use of physical and or psychological pressure, – that is, coercive activity – that overbore a defendant's will. United States v. Bordeaux, 400 F.3d 548, 560 (8th Cir. 2005). I have reviewed the record herein and find that the Magistrate did not err in determining that defendant's statements were voluntarily made and therefore subject to admission as impeachment evidence.

Now, therefore,

IT IS ORDERED:

1. The report and recommendation, Doc. 36, is adopted.

2. Defendant's objections, Doc. 37, are rejected.

3. Defendant's motion, Doc. 21, to suppress statements is granted in part and denied in part. Defendant's statements to law enforcement are inadmissible in the government's case in chief. Defendant's statements are admissible as impeachment if defendant testifies at trial.

DATED this 13th day of January, 2023.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge